18-0054-cv
Doscher v. Sea Port Group Securities, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of February, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

_____

DREW DOSCHER,

                     *Petitioner-Appellant*,

                 v.                                                      18-0054-cv

SEA PORT GROUP SECURITIES, LLC, STEPHEN SMITH,
MICHAEL MEAGHER, MICHAEL MEYER, THE SEAPORT
GROUP, LLC, ARMORY ADVISERS, LLC, ARMORY
FUND, LP, SEAPORT V, LLC,

                     *Respondents-Appellees.*

_____

Appearing for Appellant:     Michael Bowe, Kasowitz Benson Torres LLP, New York, N.Y.

Appearing for Appellee:      Prana A. Topper, Manatt, Phelps & Phillips, LLP (Ronald G.
                             Blum, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Drew Doscher appeals from the December 6, 2017 opinion and order of the United States District Court for the Southern District of New York (Furman, *J.*) denying his petition to vacate in part and modify in part an arbitration decision by the Financial Industry Regulatory Authority awarding him $2,289,774 in damages. *Doscher v. Sea Port Group Securities*, No. 15-cv-384, 2017 WL 6061653 (S.D.N.Y. Dec. 6, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm, primarily for the reasons set forth in the district court's thorough opinion. A petition brought under the Federal Arbitration Association is "not an occasion for *de novo* review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). A court's review of an arbitration award is instead "severely limited." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009) (internal quotation marks omitted). "This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted). To vacate the decision of an arbitral panel under the FAA, a party "must clear a high hurdle." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

Doscher argues that the arbitrators committed misconduct that prevented him from presenting evidence essential to proving his claim that he held an equity stake in Seaport to the arbitral panel. Doscher also argues that the district court was required to first review the documents at issue before deciding the petition, and that the district court's failure to do so constitutes reversible error. We disagree. The district court's task was to determine if the arbitral panel acted in a way that meant "fundamental fairness [was] violated." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Given that Doscher did not object to the termination of the proceeding unless the documents at issue were produced, it cannot be said that the panel acted in a "fundamental[ly] unfair" manner in not requiring their production.

We have considered the remainder of Doscher's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk